# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|                                        |     |                |
|----------------------------------------|-----|----------------|
| **IN RE:**                             | :   | **MISC. NO.:** |
|                                        | :   |                |
|                                        | :   |                |
| **KELLY BEAUDIN STAPLETON**            | :   |                |
| **UNITED STATES TRUSTEE**              | :   |                |
| **Movant**                             | :   |                |
|                                        | :   |                |
| **v.**                                 | :   |                |
|                                        | :   |                |
| **VICKI A. PIONTEK, ESQ.**             | :   |                |
| **Respondent**                         | :   |                |

## STIPULATION

WHEREAS, the United States Trustee ("UST") has filed several motions alleging shortcomings in cases in which Vicki A. Piontek, Esq. has appeared as counsel; and,

WHEREAS, Ms. Piontek, the UST and Charles J. DeHart, III, Esq., the chapter 13 trustee, believe it is in the interests of this Court and Ms. Piontek's clients to enter into the following stipulation

NOW THEREFORE, Vicki A. Piontek, the UST and Mr. DeHart, through their respective counsel, respectively stipulate and agree to the following:

1. Ms. Piontek voluntarily agrees that she shall not, for a period of five years from the date the Court approves this Stipulation:

    a.    Appear before the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Court").

1

b. Provide legal advice or services to any person or entity regarding any case or other matter pending before the Court whether or not she enters an official appearance except as otherwise provided herein.

c. Provide legal advice or services relating to issues arising in or under or in connection with Title 11 of the United States Code to any person or entity except as otherwise provided herein.

d. Receive any form of compensation for services rendered by her or any other person or entity in a case or other matter to be brought before the Court or in connection with a case or other matter pending before the Court except as otherwise provided herein.

e. Receive any type of monetary or other financial benefit on account of a case or other matter that is pending before the Court except as otherwise provided herein.

2. The parties agree that Ms. Piontek may continue to monitor the cases of current clients with confirmed chapter 13 plans and may provide advice on a course of action. She may not, however, file any papers with the Court or appear before the Court on any matter except as follows:

a. If papers need to be filed or if Court appearances are necessary to protect the interests of her clients, Ms. Piontek will notify the Court and make every reasonable effort to assist her clients to obtain substitute counsel including disgorgement of all or part of her compensation. If substitute counsel cannot be found, Ms. Piontek will file a certification with the Court stating the steps taken to obtain substitute counsel and the reasons such counsel could not be obtained. Upon a determination by the Court that Ms. Piontek has taken reasonable steps to retain substitute counsel and that such counsel could not

2

be retained, the Court shall grant permission to Ms. Piontek to represent her client on a limited basis necessary to protect the interests of the client.

3. The parties agree that Ms. Piontek may continue to monitor the cases of clients pending under chapter 7 and may provide advice on a course of action. She may not, however, file any papers with the Court or appear before the Court on any matter. If papers need to be filed or if Court appearances are necessary to protect the interests of her clients, she will proceed according to the terms outlined in paragraph 2 above.

4. Regarding pending chapter 13 cases without confirmed plans, Ms. Piontek agrees to immediately make every reasonable effort to assist her clients to find substitute counsel and disgorge all fees received in excess of $1,000.

      a.    Notwithstanding the above terms, Ms. Piontek shall be entitled to seek approval from the Court for reasonable compensation in excess of the $1,000 in all chapter 13 cases without confirmed plans. In that regard, Ms. Piontek shall, within 30 days after the Court approves the stipulation, file with the Court and serve on the UST, the Chapter 13 Trustee and each debtor, fee applications in each unconfirmed case in which she claims an entitlement to such compensation. If a timely application is not filed, Ms. Piontek shall not be entitled to any compensation above the stated $1,000.

      b.    Ms. Piontek shall be permitted to appear before the Court for the limited purpose of filing and defending her fee applications against any objections filed thereto.

5. Within 30 days from the date the Court approves this stipulation, Ms. Piontek shall provide a status report of all pending bankruptcy cases and provide a certification that she has: 1)

3

refunded fees as required; 2) taken all reasonable measures to assist debtors in the retention of substitute counsel; and 3) that she has forwarded client files to substitute counsel.

6. The parties agree that it is their intention that for a period of five years from the date the Court approves this stipulation, that no pecuniary benefit shall inure to Ms. Piontek on account of cases or other matters filed or contemplated to be filed with the Court.

7. Within 30 days from the date the Court approves this stipulation, Ms. Piontek shall certify to the Court that she has fully complied with all pending Orders of the Court imposing sanctions. To the extent Ms. Piontek fails to satisfy all pending Orders and to timely certify compliance, the five year prohibition outlined above shall be extended for a like period until compliance is achieved.

8. The five year term of the prohibitions stated herein shall be further extended until such time as Ms. Piontek files a motion with the Bankruptcy Court seeking reinstatement and establishes to the Court's satisfaction that she has fully complied with the terms of this stipulation and is competent to resume her bankruptcy practice.

9. Neither the UST nor Charles DeHart, III, Esq., acting in his capacity as the chapter 13 trustee, shall file a motion to dismiss any pending bankruptcy case in which Ms. Piontek has entered her appearance as debtor's counsel based on the debtor's failure to comply with the provisions of 11 U.S.C. § 521(a), but only if all required documents are filed with the Court within 30 days from the date the Court approves this stipulation.

(This space is intentionally blank)

4

10. Nothing in this stipulation shall prohibit Ms. Piontek from appearing as a party or representing herself as a party in cases filed under Title 11.

KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE

Anne K. Fiorenza
Assistant United States Trustee

By: _____
Gregory R. Lyons, Trial Attorney
228 Walnut Street, P.O. Box 969
Harrisburg, PA 17108
(717) 221-4515

_____
Vicki A. Piontek, Esq.
24 West Governor Road
Hershey, PA 17033
717-533-7472

CHARLES J. DeHART, III, ESQ,
CHAPTER 13 TRUTSEE

_____
Charles J. DeHart, III, Esq.
8125 Adams Drive
Hummelstown, PA 17036
717-566-6097

Date: April 4, 2007

5